CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROMAN SEBASTIAN MONZON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV10013 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TIKKI HICKS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Roman Sebastian Monzon, Pro Se Plaintiff; Mitchell E. Sanders, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendant Hicks.*

The plaintiff, proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983, alleging that defendant Tikki Hicks, the Warden of Pocahontas State Correctional Center, violated Monzon's First Amendment rights by allowing the prison mailroom staff she supervised to censor an electronic message the plaintiff sent to an inmate by removing an innocuous attached image. Hicks has filed a Motion to Dismiss, asserting that the Complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), on the basis that no facts are alleged that impose any direct responsibility under § 1983 upon Hicks.

The court issued a Notice on August 18, 2025, notifying Monzon of his opportunity to respond to the defendant's motion. That Order also warned Monzon that failure to file a timely response would result in dismissal of the case without

prejudice. Monzon had until September 18, 2025, to respond to the defendant's motion. He failed to do so. The court also issued a notice indicating that if Monzon failed to identify the four John Doe defendants listed in his Complaint, all claims against them would be dismissed without prejudice.

The time allotted for Monzon to respond to Hicks' motion has passed, and he has failed to file a timely response to that motion or to ask for additional response time. Accordingly, I will assume that he has lost interest in the case or agrees with Hicks' arguments. Therefore, I will dismiss his claims against Hicks and her pending motion without prejudice. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). I will also dismiss without prejudice all claims against the four John Doe defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

An appropriate Final Order will issue herewith.

ENTER: October 31, 2025

/s/ JAMES P. JONES
Senior United States District Judge